UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

Fill in this information to identify your case:

Debtor 1: Shelia McDuffie Bryant
          First Name    Middle Name    Last Name

Debtor 2: _____
(Spouse, if filing) First Name  Middle Name  Last Name

Case number: _____
(If known)

☐ Check if this is an amended plan and list below the sections of the plan that have changed.

# CHAPTER 13 PLAN

## Part 1:  Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable. *You must check each box that applies in §§ 1.1, 1.2, 1.3, and 1.4, below.*

| 1.1 | A limit on the amount of a secured claim, including avoidance of mortgage liens, set out in Sections 3.1 or 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment at all. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☐ Included | ☒ Not Included |

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed. You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one. **Neither the staff of the Bankruptcy Court nor the Chapter 13 Trustee can give you legal advice.**

The following matters may be of particular importance to you. *Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, above, to state whether or not the plan includes provisions related to each item listed. If an item is checked "Not Included," or if neither box is checked or both boxes are checked, the provision will not be effective, even if set out later in the plan.*

**To Creditors: (continued)**

**Proof of Claim:** A creditor's claim will not be paid or allowed unless a proof of claim is timely filed by, or on behalf of, the creditor. Only allowed claims will receive a distribution from the Trustee. Confirmation of a plan does not preclude the Debtor, Trustee, or a party in interest from filing an objection to a claim. *See generally,* 11 U.S.C. §§ 501 and 502, and Bankruptcy Rules 3001, 3002, and 3002.1.

**Pre-Confirmation Adequate Protection Payments:** Pre-confirmation adequate protection

Debtor: _____    Case No.: _____

payments required by 11 U.S.C. § 1326(a)(1) and Local Rule 3070-1(b) shall be disbursed by the Trustee in accordance with the Trustee's customary distribution process. A creditor will not receive pre-confirmation adequate protection payments unless and until a timely, properly documented proof of claim is filed with the Bankruptcy Court.

1.4   **Information about the Debtor: Income and Applicable Commitment Period.** *(Check one.)*
The "current monthly income" of the Debtor, calculated pursuant to 11 U.S.C. § 101(10A) and then multiplied by 12, is:
☒ ABOVE the applicable state median income; the Debtor's applicable commitment period is 60 months.
☐ BELOW the applicable state median income; the Debtor's applicable commitment period is 36 months.

1.5   **Projected Disposable Income and "Liquidation Test."**
The projected disposable income of the Debtor, as referred to in 11 U.S.C. § 1325(b)(1)(B), is $ .00 .00 per month. The amount referred to in 11 U.S.C. § 1325(a)(4) that would be paid to holders of allowed unsecured claims if the estate of the Debtor were liquidated in a chapter 7 bankruptcy case (known as the "liquidation test") is estimated by the Debtor to be $ .00 .00 _____. The "liquidation test" has been computed as indicated in E.D.N.C. Local Form 113B, Liquidation Worksheet & Plan Summary filed simultaneously with this plan.

1.6   **Definitions: See attached Appendix.**

### Part 2: Plan Payments and Length of Plan

2.1   The Debtor shall make regular payments to the Trustee as follows:
$ _____1,731.00_____ Per months for _____57_____ months
*(Insert additional line(s), if needed.)*

2.2   **Regular payments to the Trustee will be made from future income in the following manner:**
*(Check all that apply.)*
☐ Debtor will make payments pursuant to a payroll deduction order.
☒ Debtor will make payments directly to the Trustee.

2.3   **Additional payments.** *(Check one.)*
☒ None. *If "None" is checked, the rest of § 2.3 need not be completed or reproduced.*
☐ Debtor will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment. *(Insert additional rows, if needed.)*

2.4   The total amount of estimated payments to the Trustee is $ __98,667.00__.

### Part 3: Treatment of Secured Claims

3.1   **Residential Mortgage Claim(s) – When Residence to be Retained (Surrender addressed in § 3.6).**
*(Check one.)*
☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
*Note: Avoidance of mortgage liens may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object and request a hearing.*
☒ The Debtor proposes the following treatment of mortgage claims secured by the Debtor's principal residence:

| Creditor Name | Direct Amt./Mo. | Conduit Amt./Mo | Arrears Owed | + Adm. Arrears* | = Tot. Arrears to Cure* | Cure $/Mo. | Avoid (Y/N) | Other Terms (Y/N) (if Y, see Other, below) |
|---|---|---|---|---|---|---|---|---|

Debtor:                                                             Case No.:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Vanderbilt Mortgage and Finance, Inc. | $0.00 | $912.00 | $15,000.00 | $0.00 | $15,000.00 | $313.62 | NO | NO |

*Insert additional claims, as needed.*

**Other.** *(Check all that apply, and explain.)* The Debtor:

☐ **(a)** does intend to seek a mortgage modification with respect to the following loan(s) listed above:

_____; or

☒ **(b)** does not intend to seek mortgage loan modification of any of the mortgage loans listed above; and

☐ **(c)** intends to: _____

**3.2  Secured Claims Other Than Residential Mortgage Claims - To be Paid Directly by Debtor.**
*(Check one.)*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☐ On each claim listed below, the Debtor will make payments directly to the secured creditor, according to the contractual terms between the parties.

| Creditor Name | Collateral | Direct Amt./Mo. | Arrears Owed | Int (%) | Cure $/Mo. | Other Terms (Y/N) (If Y, see Other, below) | Mo. Pmt. Ends (mm/yyyy) |
|---|---|---|---|---|---|---|---|
| | | $ | $ | % | $ | | |
| | | $ | $ | % | $ | | |

*Insert additional claims, as needed.*

**Other:** _____

**3.3  "Cram - Down" Claims - Request for Valuation of Collateral and Modification of Undersecured Claims.** *(Check one.)*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

The remainder of this § 3.3 will be effective *only* if there is a check in the box "Included" in Part 1, § 1.1, of this plan, above.

☒ Pursuant to 11 U.S.C. § 506(a) and Local Rule 3012-1, the Debtor requests that the Court determine the value of the collateral securing each of the claims listed below. For each non-governmental secured claim listed below, the Debtor proposes to treat each claim as secured in the amount set out in the chart column headed "*Est. Amt. of Secured Claim.*" For secured claims of governmental units, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. The value determined will be amortized and paid over the life of the Debtor's plan to satisfy the secured portion of the claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 7 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 7 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Creditor Name | Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amt of Claims Senior to Creditor's Claim | Est. Amt. of Secured Claim | AP Payment | Int (%) | Equal Mo. Pmt. To Creditor |
|---|---|---|---|---|---|---|---|---|
| Farmer's Furniture | $1,336.00 | Miscellaneous Furniture Purchases | $500.00 | $0.00 | $500.00 | $0.00 | 7.5% | $10.45 |

*Insert additional claims, as needed.*

**3.4  Secured Claims not Subject to Valuation of Collateral - Monthly Payment to be Disbursed by Trustee.** *(Check one.)*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

☒ The secured claims listed below are not subject to valuation under 11 U.S.C. § 506(a). These claims include, but are not limited to, claims: **(a)** incurred within 910 days before the petition date and secured by a purchase money

Debtor: _____   Case No.: _____

security interest in a motor vehicle acquired for the personal use of the Debtor, or **(b)** incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; and **(c)** any other secured claim the Debtor proposes to pay in full. These claims will be paid in full, through the chapter 13 plan disbursements, with interest at the rate stated below. Unless otherwise ordered by the Court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Creditor Name | Collateral | Value of Collateral | Amount of Claim | AP Payment | Current Mo. Payment | Int (%) | Est. Mo. Pmt. Disbursed by Trustee | Equal Mo. Pmt. |
|---|---|---|---|---|---|---|---|---|
| Flagship Credit | 2016 Dodge Journey | $15,452.00 | $15,452.00 | $0.00 | $323.07 | 7.5% | $0.00 | $0.00 |

*Insert additional claims, as needed.*

3.5  **Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(Check one.)*
☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

*The remainder of this Section 3.5 will be effective only if there is a check in the box "Included" in Part 1, § 1.2, of this plan, above.*

*Such lien avoidance may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object to the motion and request a hearing.*

☐ The Debtor intends to file a motion pursuant to 11 U.S.C. § 522(f) seeking avoidance of each judicial lien ("JL") or nonpossessory, non-purchase-money security interest ("NPMSI") listed below. To the extent the lien is avoided, any allowed claim of the creditor will be treated as an unsecured claim under Part 7 of this plan.

| Creditor Name | Property Subject to Lien | Type of Lien ("NPMSI" or "JL") | Total Claim Amount | Int. (%) | Secured | Unsecured |
|---|---|---|---|---|---|---|
| | | | $ | | $ | $ |
| | | | $ | | $ | $ |

*Insert additional claims, as needed.*

3.6  **Surrender of Collateral.** *(Check one.)*
☒ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

☐ The Debtor will surrender to each creditor listed below the Collateral (also listed below) that secures the creditor's claim. Upon confirmation of the plan, and pursuant to Local Rule 4001-1(b), the automatic stay of 11 U.S.C. § 362(a) shall terminate as to the surrendered Collateral; and, if applicable, the co-debtor stay of 11 U.S.C. § 1301 will terminate in all respects, unless otherwise provided in the Motion for Confirmation of Plan. No claim for a deficiency will be allowed or paid unless the creditor files a claim or amends and reduces a previously filed claim to account for its disposition of the surrendered Collateral within 180 days after confirmation of the plan. Absent an order enlarging the 180-day deadline, if no claim is filed or amended within such 180-day period, surrender of the collateral, shall be deemed in full satisfaction of the Debtor's contractual obligation to the creditor.

| Creditor Name | Collateral |
|---|---|
| | |
| | |
| | |

*Insert lines for additional creditors and collateral, as needed.*

## Part 4:  Treatment of Fees and Priority Claims

4.1  **General Treatment:** Unless otherwise indicated in **Part 9, Nonstandard Plan Provisions,** Trustee's commissions and all allowed priority claims, including arrearage claims on domestic support obligations, will be paid in full without interest through Trustee disbursements under the plan.

Debtor: _____   Case No.: _____

4.2 **Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be __6__% of amounts disbursed by the Trustee under the plan and are estimated to total $ _5,920.02_ .

4.3 **Debtor's Attorney's Fees.** *(Check one, below, as appropriate.)*
☐ **None, because I filed my case without the assistance of an attorney and am not represented by an attorney in this case.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*
☒ **Debtor's Attorney's Fees Requested or to be Requested, Paid Prior to Filing, and to be Paid through the Plan** (and check one of the following, as appropriate).
  ☒ Except to the extent that a higher amount is allowed by the Court upon timely application, or a lower amount is agreed to by the attorney, the Debtor's attorney has agreed to accept the "standard base fee," as described in Local Rule 2016-1(a)(2), for services reasonably necessary to represent the Debtor before the Court through the earlier of confirmation of the Debtor's plan or the first 12 months after this case was filed. The amount of compensation requested does not exceed the allowable "standard base fee" as set forth in § 2016-1(a)(1) of the Administrative Guide. The total amount of compensation requested is $ _3,080.00_ , of which $ _80.00_ was paid prior to filing. The Debtor's attorney requests that the balance of $ _3,000.00_ be paid through the plan.
**[OR]**
  ☐ The Debtor's attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $____, of which was paid prior to filing. The Debtor's attorney requests that the estimated balance of $____ be paid through the plan.

4.4 **Domestic Support Obligations.** *(Check all that apply.)*
☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☐ The Debtor owes the following Domestic Support Obligation(s), shall make all post-petition payments on such Obligation(s) directly, and the pre-petition arrears (if any) on such Obligation(s) will be cured either by Trustee disbursements under the confirmed plan or directly by the Debtor, provided a timely claim is filed by, or on behalf of each creditor. The total estimated amount to be disbursed by the Trustee under the confirmed plan is $_____.

| Creditor Name | Current Mo. Pmt. | Pre-petition Arrears to be Cured *(if any)* | Arrears to be paid by Trustee or Debtor? | If Joint Case, Owed by Debtor 1 or Debtor 2? |
|---|---|---|---|---|
|  | $ | $ |  |  |
|  | $ | $ |  |  |

*Insert additional claims, as needed.*
**Explanation for each DSO arrearage Debtor proposes to pay directly:**



**[AND/OR]**

☐ The Domestic Support Obligation(s) listed below has been assigned or is owed to a governmental unit. The Debtor has proposed a 60 month plan, and proposes to pay less than the full amount of the claim pursuant to 11 U.S.C. § 1322(a)(4).

| Creditor Name | Amount of Claim to be Paid | If Joint Case, Owed by Debtor 1 or Debtor 2? |
|---|---|---|
|  | $ |  |

*Insert additional claims, as needed.*

4.5 **Other Priority Claims.** *(Check one.)*
☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
☐ All other allowed claims that are entitled to priority, listed below, shall be paid in full by Trustee disbursements under, and over the life of the chapter 13 plan, unless the claimant agrees to a different treatment or the Court orders otherwise:

Debtor: _____  Case No.: _____

| Creditor Name | Claim for: | Est. Claim Amt. |
|---|---|---|
| Internal Revenue Service | | $ |
| N.C. Dept. of Revenue | | $ |
| County Revenue | | $ |
| DSO/Alimony/Child Support Arrears | | $ |
| | | $ |

*Insert additional claims, as needed.*

The Debtor estimates that TOTAL unsecured priority claims equal: **$0.00**

## Part 5: Executory Contracts and Unexpired Leases

**5.1** *(Check one.)*

☒ **None.** *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

☐ The executory contracts and unexpired leases listed below will be assumed by the Debtor, unless specifically rejected. If assumed, the Debtor will make post-petition payments directly to each creditor according to the terms of the underlying contract, and will cure the "Arrearage" amount through Trustee disbursements under the plan over the "Term of Cure" indicated. The "Arrearage" amount is an estimate, and unless the Court orders otherwise, this amount shall be determined by the amount stated on the creditor's proof of claim. *Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims* under Part 7 of this plan, unless otherwise ordered by the Court.

| Lessor/Creditor Name | Subject of Lease/Contract | Assumed or Rejected? | Pre-petition Arrears to be Cured (if any) | Total Arrears | Term of Cure (# of mos.) | Current Mo. Pmt. | Contract or Lease Ends (mm/yyyy) |
|---|---|---|---|---|---|---|---|
| | | REJECTE | | $ | $ | $ | |

*Insert additional claims, as needed.*

## Part 6: Co-Debtor and Other Specially Classified Unsecured Claims

**6.1** *(Check one.)*

☒ **None.** *If "None" is checked, the rest of § 6 need not be completed or reproduced.*

☐ The non-priority unsecured claims listed below are separately classified and, to the extent allowed, will be treated as follows, *provided* the basis for separate classification is specifically stated; *if no basis is stated, then such claim will be deemed treated as an unsecured non-priority claim under § 7.1, below.*

| Creditor Name | Basis for Separate Classification and Treatment | Claim Amount | Amount to be Paid on Claim | Int. (%) (If applicable) | Est. Total Amt. of Payments |
|---|---|---|---|---|---|
| | | $ | $ | % | $ |
| | | $ | $ | % | $ |
| | | $ | $ | % | $ |

*Insert additional claims, as needed.*

## Part 7: Unsecured Non-priority Claims

**7.1 General Treatment.** After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 6.1, above, will receive a pro rata distribution with other holders of allowed, non-priority unsecured claims to the extent funds are available after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees. Holders of allowed, non-priority unsecured claims may not receive any distribution until all claims of higher payment priority under the Bankruptcy Code have first been paid in full.

## Part 8: Miscellaneous Provisions

Debtor: _____    Case No.: _____

**8.1 Non-Disclosure of Personal Information:** Pursuant to N.C. Gen. Stat. § 76-66 and other applicable state and federal laws, the Debtor objects to the disclosure of any personal information by any party, including without limitation, all creditors listed in the schedules filed in this case.

**8.2 Lien Retention:** Holders of allowed secured claims shall retain the liens securing their secured claims to the extent provided by 11 U.S.C. § 1325(a)(5).

**8.3 Retention of Consumer Rights Causes of Action:** Confirmation of this plan shall constitute a finding that the Debtor does not waive, release, or discharge, but rather retains and reserves, for the benefit of the Debtor and the chapter 13 estate, any and all pre-petition and post-petition claims the Debtor could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute, or under state or federal common law, including, but not limited to, claims related to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Retail Installment Sales Act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Procedures Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Lending Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for under Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of the Bankruptcy Court for the Eastern District of North Carolina.

**8.4 Vesting of Property of the Bankruptcy Estate:**
*(Check one.)*
Property of the estate will vest in the Debtor upon:
☒ plan confirmation.
☐ discharge.
☐ other: _____.

**8.5 Possession and Use of Property of the Bankruptcy Estate:** Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor, property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor, and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor. The Debtor's use of property remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**8.6 Creditor Notices When Debtor to Make Direct Payments:** Subject to Local Rule 4001-2, secured creditors, lessors, and parties to executory contracts that will be paid directly by the Debtor may, but are not required to, send standard payment notices to the Debtor without violating the automatic stay.

**8.7 Rights of the Debtor and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

**8.8 Rights of the Debtor and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor or Trustee to object to any claim.

**8.9 Discharge:** Subject to the requirements, conditions, and limitations set forth in 11 U.S.C. § 1328, and unless the Court approves a written Waiver of Discharge executed by the Debtor, the Court shall, as soon as practicable after completion by the Debtor of all payments under the plan, grant the Debtor a discharge of all debts that are provided for by the plan or that are disallowed under 11 U.S.C. § 502.

## Part 9: Nonstandard Plan Provisions

**9.1 Check "None" or List Nonstandard Plan Provisions.**
  ☒ **None.** *If "None" is checked, the rest of § 9 need not be completed or reproduced.*

**The remainder of this Part 9 will be effective only if there is a check in the box "Included" in Part 1, § 1.3, of this plan, above.**

Under Bankruptcy Rule 3015(c), nonstandard plan provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this E.D.N.C. Local Form or deviating from it. **Nonstandard provisions set out elsewhere in this plan are ineffective.**

**The following are the nonstandard provisions of this plan:**

Debtor: _____  Case No.: _____

*No additional plan provisions may follow this line or precede Part 10: Signature(s), which follows;*
*Appendix – Definitions, referenced in § 1.6, above, is attached after Signature(s).*

## Part 10: Signatures

### 10.1 Signatures of Debtor(s) and Debtor(s)' Attorney

**If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.**

/s/Shelia McDuffie Bryant                          08/25/2019
Signature of Debtor 1                              Executed on: MM/DD/YYYY


Signature of Debtor 2                              Executed on: MM/DD/YYYY

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 9.

/s/Chad W. Hammonds                                08/25/2019
Signature of Attorney for Debtor(s)                Date: MM/DD/YYYY

**If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 9.**